UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

K.O.H.                                                                              CIVIL ACTION NO. 08-cv-0934

VERSUS

U.S. COMMISSIONER SOCIAL                  MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**MEMORANDUM RULING**

**Introduction**

K.O.H. ("Plaintiff") was born in 1955 and testified that he has a college degree. He applied for disability benefits based on limitations related to back pain, asthma, diabetes, and other health problems. ALJ Leslie John Rodriguez conducted a hearing and issued a decision. He found that Plaintiff had the residual functional capacity ("RFC") for the full range of sedentary work, reduced by limitations in the ability to perform activities involving reaching in all directions, including overhead reaching. He found that Plaintiff was not disabled because that RFC permitted him to perform his past relevant work as a surveillance system monitor.

The Appeals Council denied a request for review. Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

**Issues on Appeal**

Plaintiff assigns three errors on appeal, but each of them relate to his claim of fecal incontinence. He argues that (1) it was error for the ALJ to not include the incontinence as a severe impairment or symptom thereof, (2) the ALJ erred in finding that Plaintiff can perform his past relevant work (because the incontinence prevents it), and (3) Plaintiff's incontinence prevents him from performing any other form of work.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

Plaintiff testified at the hearing that he has "seepage" in his rectum that requires him to "go back and forth to the bathroom." Plaintiff attributed the problem to a surgery intended to address rectal abscesses. He said his physicians made a mistake. Plaintiff's testimony is difficult to understand in some respects, but he appears to imply that another physician later

remedied an aspect of the botched surgery but told Plaintiff that he would be incontinent for the rest of his life.

Plaintiff testified that doctors gave him a pad of some sort that he uses, together with toilet paper, to catch any seepage. He testified that he could sit only about 30 minutes before he would have to go to the bathroom and replace the toilet paper. Tr. 298-305.

A vocational expert ("VE") testified that a person with Plaintiff's vocational factors and RFC could perform the demands of his past work as a surveillance system monitor, even if he had to be allowed to change positions at will to relieve back pain (so long as the person remained in the work area). The VE testified that all jobs would be eliminated, however, if the person required a bathroom break at least every 45 minutes. Plaintiff argues that his testimony about fecal incontinence is unrebutted, would require such breaks, and demonstrates that there are no jobs available.

Plaintiff has not pointed to any objective medical evidence to support his testimony about the extent of his incontinence problem. Plaintiff's application listed nerve damage, diabetes, asthma, depression, skin disease, and other problems, but it did not mention fecal incontinence. Tr. 54. Plaintiff did complain of fecal incontinence during a consultative internal medicine examination. Plaintiff reported that he "has to keep tissue in his pants as he tends to leak small amounts of liquid feces." There are no notes in the report to indicate whether the examiner attempted to confirm a physical basis for this claim. Tr. 178-82.

Dr. Cantwell conducted a consultative examination. The notes of the gastrointestinal exam make no indication of incontinence or related problems. Dr. Cantwell concluded that there was support for claims of back pain. He opined that if Plaintiff received treatment for his corns, calluses, and genital warts he would be able to sit for a full workday. Tr. 258-61. Dr. Cantwell recorded in the part of the exam related to skin condition that Plaintiff "refused genital exam." Tr. 260. Plaintiff testified that the physician did examine his "private area" and saw a fistula in his rectum. Plaintiff said he would "take a polygraph on this." Tr. 294-95.

The ALJ also reviewed the consultative examination report by psychologist Mark Dulle, PhD. Dr. Dulle recorded that Plaintiff checked in early for his appointment, was alert and efficient, and said he was going to drink his coffee and return at the scheduled time. When Plaintiff returned at the time of the appointment, his demeanor had changed to that of a disoriented person who provided extraneous information or information that was in direct conflict with documentation. Plaintiff said that he was "never married," which contrasts his sworn testimony at the hearing, "I've been married six times." Tr. 298). Plaintiff also claimed that he thought he was in Baton Rouge, and acted as if he had never seen his home address listed on his social security papers. Plaintiff claimed he stopped going to school at age 13 because he "couldn't get no further," which contrasts Plaintiff's sworn testimony at the hearing that he attended Grambling State University to play football and "struggled and got my degree thanks to Coach Rob and my father."Tr. 300. Plaintiff also mumbled to himself throughout the questioning, gave rather ridiculous answers to basic questions, and otherwise

provided more than ample ammunition for Dr. Dulle's conclusion that Plaintiff was malingering. Tr. 196-99.

After reviewing the medical evidence and testimony, the ALJ made a general conclusion that Plaintiff's statements about the limiting effects of his several symptoms were not credible to the extent they were inconsistent with the RFC assigned by the ALJ. The ALJ then turned to each of Plaintiff's various claims and mentioned some reasons for discounting credibility with regard to each of them. With regard to the incontinence, the ALJ wrote:

> He has a history of peri-anal abscess drainage and reports that he still has problems with fecal incontinence. There has been no recent evidence of treatment for any problems related to fecal incontinence.

Tr. 17-18.

Plaintiff's argument with regard to this issue rests almost wholly on his credibility. He has not pointed to any objective medical evidence to suggest such a serious problem with fecal incontinence to require bathroom breaks every 45 minutes. An ALJ's findings on credibility of the claimant and the debilitating effect of subjective symptoms, based on his first-hand observation of the claimant, are particularly within his province and entitled to judicial deference. Johnson v. Bowen, 864 F.2d 340, 347 (5th Cir. 1988); Falco v. Shalala, 27 F.3d 160, 164 (5th Cir. 1994).

The Commissioner argues that the ALJ's credibility assessment is supported by the suggestions of malingering and exaggeration found in Dr. Dulle's report. The Commissioner also points to Plaintiff's testimony that he would not return to his job as a surveillance system

monitor, not because of physical problems, but because of his moral objection to the strip club setting where he held the job. Plaintiff responds that the ALJ's decision must stand or fall on its own reasons, and the ALJ did not assign those particular reasons in his written decision as part of his credibility assessment. The ALJ did, however, discuss Dr. Cantwell's report at length and mentioned Cantwell's finding that Plaintiff could sit for a full workday once certain problems were treated.

If the ALJ had failed to address the claim of fecal incontinence altogether, it would be improper for the court to speculate that the ALJ had rejected the claims for lack of credibility. That is because, as Plaintiff states, courts require that an ALJ's decision address significant lines of evidence and then stand or fall based on the contents of the written decision. The ALJ did, however, address the incontinence claim in his written decision, and he found it to be less than credible. The court must review the record only to determine whether that assessment is supported by substantial evidence. It is not prohibited, when conducting that review, from looking to evidence other than that which may have been specifically cited by the ALJ as the grounds for his credibility assessment.

The court has reviewed the record as a whole and finds that it does provide substantial evidence to support the ALJ's credibility determination. There is an absence of objective medical evidence to support a limitation of the extent claimed by Plaintiff, and there are inconsistencies and apparent exaggerations by Plaintiff that fully warrant any reasonable

person to discount his testimony. Accordingly, the Commissioner's decision to deny benefits will be affirmed.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of September, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE